LAW OFFICES
**CUNLIFFE & COOK**
210 Archbishop F.C. Flores Street
Hagåtña, GU 96910
Telephone: (671) 472-1824
Telefax: (671) 472-2422

Attorneys for: Defendant Alex De Lara Costelo

**FILED**
DISTRICT COURT OF GUAM

OCT -4 2005

MARY L.M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ALEX DE LARA COSTELO, )<br>)<br>Defendant. )<br>_____) | CRIMINAL CASE NO. CR04-00024<br><br>**SENTENCING MEMORANDUM** |

Defendant ALEX DE LARA COSTELO ("Defendant Costelo") comes before the Court for sentencing on October 6, 2005 at 11:00 a.m. Defendant Costelo is a 35-year old male of Filipino descent. Defendant Costelo is a permanent resident in the United States, and as a consequence of his conviction, he will be deported.

Defendant Costelo and his wife have significant hardships because of the disability of 2 of their 3 children. Their oldest daughter, Amity, has cerebral palsy, and has had 2 surgeries at the Shriner's Hospital in Hawaii. She can now walk, but with the use of a walker. Amity has the mental age of approximately an 8 year old, and it is not anticipated that it will improve. The other child, Alvin, also has a disability. Alvin is approaching 3 years old in January, 2006, and he is still unable to walk.

The only family the Costelos have in Guam are Mrs. Costelo's parents. Her father is approximately 82 years old and her mother is almost 70 years old. Defendant Costelo is very involved in the care of his children, and is responsible for his children when his wife travels for business purposes.

With the loss of Defendant Costelo's salary, it is unknown whether or not his wife will be able to maintain the condominium they have purchased for their housing. Without her husband's income, some of the monthly living expenses will decline, but the childcare expenses will increase. If Defendant Costelo is deported, the family will have to decide whether they will follow him to the Philippines so that they can remain united. Mrs. Costelo and the 3 children are U.S. citizens. Under United States Sentencing Guidelines §5H1.6, Defendant Costelo feels a departure is warranted in this case. It is obvious that a sentence of incarceration will cause a substantial, direct and specific loss of essential care-taking and financial support to Defendant Costelo's family. Such loss exceeds the harm ordinarily incident to incarceration, because of the nature and extent of the disabilities of 2 of Defendant Costelo's 3 children. Defendant Costelo's care taking and financial support is irreplaceable as there is not another family network to provide the assistance and the departure will effectively address the loss of care taking and financial support if Defendant Costelo is deported. If Defendant Costelo's family chooses to go with him, then he can assist in the care-taking and financial support. If the family chooses to stay, then he will be able to assist in the financial support by sending money.

Defendant Costelo also believes he is entitled to a departure for a mitigating role the offense and believes he is entitled to a 2 level departure, being a minor participant in the crime. Mr. Richard Santos was the person who possessed the drugs, and Defendant Costelo acted as a conduit to it between Mr. Santos and the buyer, Mr. Tolentino. Defendant Costelo was never given the drugs himself, but only told Mr. Tolentino where to find them after being so advised by Mr. Santos.

**CUNLIFFE & COOK**
A Professional Corporation
Attorneys for Defendant
Alex De Lara Costelo

By _____
F. RANDALL CUNLIFFE, ESQ.

FRC:amm/rsb MY DOCS: WORK DOC2 (Legal Docs)
CRIMINAL /Sentencing Memo C-0297

OCT 0 4 2005

- 2 -

Case 1:04-cr-00024   Document 23   Filed 10/04/2005   Page 2 of 2